CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:02CR10125 |
| v. | **MEMORANDUM OPINION** |
| RONNIE DARNELL EARLY, | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

On June 12, 2013, the defendant, Ronnie Darnell Early, entered a plea of guilty to conspiracy to distribute heroin resulting in death or serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. At sentencing, the court granted a substantial assistance motion filed by the government, and sentenced Early to a term of imprisonment of 240 months. Early has now filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.* For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1(c) of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances are eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

---

* Early was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

Section 3582(c)(2) provides that the court may reduce the term of imprisonment of a defendant "who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, "[e]ligibility for consideration under . . . § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the applicable guideline range." U.S.S.G. § 1B1.10, cmt. n. 1(A). In determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [U.S.S.G. § 1B1.10(d)] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); Dillon v. United States, 560 U.S. 817, 827 (2010).

In the instant case, the drug quantity table in § 2D1.1(c) played no role in the calculation of the defendant's guideline range. Instead, the court relied on § 2D1.1(a)(1) to determine the defendant's base offense level, since the defendant was convicted of conspiracy to distribute heroin resulting in death or serious bodily injury, and the defendant had one or more prior convictions for a controlled substance offense. See U.S.S.G. § 2D1.1(a)(1) (providing for a base offense level of 43 "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), . . . and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense"). The defendant is still subject to a base offense level of 43 under § 2D1.1(a)(1), which Amendment 782 did not alter. Accordingly, because Amendment 782 did not have the effect of lowering the defendant's applicable guideline range, the court is not authorized to reduce the defendant's sentence.

2

For these reasons, the defendant's motion for reduction of sentence based on Amendment 782 must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

/s/ Conrad
Chief United States District Judge

3

Case 7:02-cr-10125-JCT   Document 158   Filed 05/11/16   Page 3 of 3   Pageid#: 179