IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:02-cr-10125-002 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| RONNIE DARNELL EARLY | ) United States District Judge |

**MEMORANDUM OPINION**

Ronald Darnell Early is a 60-year-old inmate serving a 240-month term of imprisonment for conspiracy to possess with intent to distribute heroin. His current projected release date is February 20, 2020. Citing Section 603 of the First Step Act, Early moves for early or elderly release. *See* Pub. L. 115-391, § 603(a). For the reasons stated below, the court concludes that Early is not entitled to relief under the First Step Act. Therefore, Early's motion is denied.[1]

Section 603 of the First Step Act amended the "compassionate release" provisions of 18 U.S.C. § 3582(c)(1)(A), which allows a sentencing court to reduce a term of imprisonment after considering the factors set forth in section 3553(a) if it finds that (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community. *See United States v. Garcia*, Case No. 6:05-cr-00006-1, 2019 WL 4039638, at *2 (W.D. Va. Aug. 27, 2019). Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the BOP. Section 603 amended this provision to allow a defendant to file a motion for compassionate release with the court but only after the defendant "has fully exhausted all administrative rights to

---

[1] The court notes that the caption for Early's motion is directed to the Eastern District of Texas, Beaumont Division, which is where Early was apparently incarcerated at some point. The government's response included a declaration stating that Early is currently incarcerated at the Satellite Prison Camp at the Federal Correctional Institution in Beckley, West Virginia. Regardless, the court finds that Early's motion was correctly filed in this court, where he was sentenced.

appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such request by the warden of the defendants' facility, whichever is earlier." § 3582(c)(1)(A).

Early states in his motion that he filed a request with the BOP to bring a motion on his behalf, and nothing happened after the lapse of thirty days. Because Early is under 70 years of age, the court must therefore consider the factors set forth in § 3553(a) to determine if "extraordinary and compelling reasons" warrant a sentence reduction. In support of his motion, Early states that he has demonstrated exemplary assistance to BOP staff safety while incarcerated. One such demonstration occurred on March 23, 2018, when upon discovering an officer on the ground and in need of assistance, Early used the officer's radio to call for emergency help. Early received a monetary special award of $50.00 for an act which "protects the lives of employees or inmates, or the property of the United States." (Dkt. No. 163-1, Ex. D.) The court commends Early for his assistance but does not find that it constitutes an extraordinary and compelling reason to reduce his sentence. The seriousness of Early's heroin offense and the need for his sentence to afford adequate deterrence counsels against reducing his sentence, § 3553(a)(2)(A), (B), which is soon to expire in any event.

Section 603 also amended the federal prisoner reentry initiative reauthorization, 34 U.S.C. § 60541(g). This provision broadened the definition of elderly inmates eligible for consideration in certain ways, including by reducing the minimum age from 65 years to 60 years. Pub. L. 115-391, § 603(a). The amended section, however, provides the Attorney General with the discretion to determine if and when to assign a prisoner to home confinement. *See Garcia*, 2019 WL 4039638, at *3. Moreover, there is "no statutory mechanism for judicial review of the Attorney General's determination of if and when home confinement is appropriate." *United States v. Guzman*, Criminal

Case No. 5:16-cr-41-JMH-EBA, 2019 WL 3892416, at *3 (E.D. Ky. Aug. 19, 2019). Therefore, the court is unable to grant Early any relief under this provision of the First Step Act.

For the above stated reasons, Early's motion for early release under the First Step Act (Dkt. No. 163) is DENIED.

Entered: September 20, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge